Mr. Justice Thacher
delivered the opinion of the court.
Harris recovered a judgment against Edward Davis, on the 13th day of May, 1844, for three hundred and thirty-five dollars and twelve cents. Fi. fa. was issued thereon, on the 6th day of July, 1844, and was levied on a slave named Jack. Edward Davis, Jr., by his next friend, claimed property in the slave. Edward Davis, the father and guardian of the claimant, testified that in 1842 the sum of thirteen hundred dollars, money of his ward, came to his hands, which he used for his own purposes ; but with the advice of counsel, in November 1842, when his ward was about eleven years old, he sold to him the slave Jack for the sum of four hundred dollars, and executed to him a bill of sale, and has since held the slave as his ward’s property, and appropriated the returns of his labor to his support and maintenance, but did not return an inventory of the slave to the probate court until a month after the levy of the execution upon him. Davis was in embarrassed circumstances when he made the sale, but no judgment existed against him. The jury found against the claimant.
Whenever a guardian has money of his ward in his hands, the probate court will either permit him to take it on interest, or direct him to place it at interest, taking bond to the orphan, with security approved by the court. H. & H. 338, s. 11. Any surplus funds may be invested in land or slaves, with the approval of the court, but the titles must be taken in open court and properly recorded. Hutch. Dig. 678.
We cannot hold the transaction of sale in this case to have been legal. So to hold, would be to authorize guardians to dispose of their wards’ funds in a mode not contemplated by law. ft is far better for the general good, to restrain such trustees to *11 the strict statutory rules and provisions controlling their powers and duties. With this view, no other result could be produced by a second trial of this cause.
Judgment affirmed.